MORROW (UNITED STATES v.). See Case No. 15,819.

## Case No. 9,851.

### In re MORSE.

[17 Blatchf. 72.] [1]

Circuit Court, N. D. New York. August 28, 1879.

BANKRUPTCY—PETITIONING CREDITOR—NOTE DUE AFTER PETITION FILED—AMENDED PETITION—ANSWER TO PETITION—LEAVE TO FILE.

1. An amended petition in involuntary bankruptcy cannot set forth, as part of the indebtedness to the petitioning creditor, a promissory note, endorsed by the debtor, which did not fall due until after the original petition was filed.

2. The district court overruled a demurrer to an amended petition in involuntary bankruptcy, without prejudice to an application for leave to answer, on showing satisfactory cause therefor. Such application was promptly made, with the proposed answer duly verified, alleging defences which the debtor was entitled to try and prove, but the application was refused: Held, that, in analogy to the practice laid down in rule 34 in equity it ought to have beeen granted.

[In the matter of Harvey Morse, an alleged bankrupt.]

Kennedy & Tracy, for Morse.
James B. Brooks, opposed.

BLATCHFORD, Circuit Judge. This is a petition praying for the review and reversal of an order made by the district court, March 11th, 1879, overruling a demurrer to an

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

amended creditors' petition in bankruptcy, and ordering an adjudication in bankruptcy, and a reference of the case to a register. The original creditors' petition was filed by a single creditor, the Farmers' Bank of Fayetteville, August 9th, 1878. On the 5th of March, 1879, the district court made an order dismissing said original petition, with costs, unless an amended petition should be filed, within ten days from that date, by the said petitioning creditor and other creditors constituting the number and amount of creditors required by the bankruptcy act [of 1867 (14 Stat. 517)] to procure an adjudication in bankruptcy. On the 11th of March, 1879, the said petitioning creditor filed an amended petition, not joining any other creditor. The petition was verified March 10th, 1879. It sets forth, as the indebtedness to the petitioning creditor, three promissory noted endorsed by Morse, and alleges that Morse was duly charged as endorser on each of them. One of the notes, for $500, fell due June 14th, 1878; one, for $300, fell due July 14th, 1878; and the third, for $500, fell due August 14th 1878, which was after the original petition in bankruptcy was filed. The amended petition sets forth the filing of the original petition and the filing of an answer thereto by Morse, and alleges that it was held that the petitioner did not constitute the requisite amount to authorize an adjudication of bankruptcy, and that such amended petition is prepared as an amended petition. To said amended petition Morse interposed a demurrer, upon the grounds (1) that it appears that said petition is founded in part upon promissory notes endorsed by Morse, maturing and protested after the filing of the original petition in bankruptcy; (2) that said petition does not show or state an indebtedness upon which a petition in bankruptcy could be maintained at the time of filing the original petition in bankruptcy, or when the bankruptcy act was repealed. On the hearing, the district court made the said order of March 11th, 1879.

I have not been furnished with a copy of any decision giving the views of the district court, and am compelled to the conclusion that the order in question was erroneous and must be reversed. The statute in regard to involuntary bankruptcy (Act June 22, 1874, § 12; 18 Stat. 180) provides, that any person "owing debts, as aforesaid," who shall do so and so, "shall be deemed to have committed an act of bankruptcy, and, subject to the conditions hereinafter prescribed, shall be adjudged a bankrupt on the petition of one or more of his creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable." The section goes on to provide for the filing, by the debtor, of a list of his creditors, with "the sums due them respectively." The expression, "owing debts, as aforesaid," refers to the words, in section 5014 of the Revised Statutes (Act March 2, 1867, § 11; 14 Stat. 521), "owing debts provable in bankruptcy)," or "owing debts provable under this act." The meaning of the statute is, not merely that the debts shall be of a provable character, or shall be at some time provable, but that they shall be debts provable at the time the petition is filed, and made provable at that time by the statute. The whole subject of provable debts is regulated and covered by sections 5067–5071 of the Revised Statutes. It was originally provided as follows, by section 19 of the act of March 2, 1867 (14 Stat. 525): "All debts due and payable from the bankrupt at the time of the adjudication of bankruptcy, and all debts then existing, but not payable until a future day, a rebate of interest being made when no interest is payable by the terms of the contract, may be proved against the estate of the bankrupt." It was held by judicial decisions, that the words, "at the time of the adjudication of bankruptcy," meant "at the time of the commencement of proceedings in bankruptcy;" and that time was the time of the filing of the petition. Act March 2, 1867, § 38 (14 Stat. 535); Rev. St. § 4991. Accordingly, in section 5067 of the Revised Statutes, the above provision of § 19 of the act of 1867 was re-enacted in these words: "All debts due and payable from the bankrupt at the time of the commencement of proceedings in bankruptcy, and all debts then existing, but not payable until a future day, a rebate of interest being made when no interest is payable by the terms of the contract, may be proved against the estate of the bankrupt." The same section 19 of the act of 1867 went on to provide as follows: "If the bankrupt shall be bound as drawer, endorser, surety, bail or guarantor upon any bill, bond, note or any other specialty or contract, or for any debt of another person, and his liability shall not have become absolute until after the adjudication of bankruptcy, the creditor may prove the same after such liability shall have become fixed, and before the final dividend shall have been declared." This provision was re-enacted as follows, in section 5069 of the Revised Statutes: "When the bankrupt is bound as drawer, indorser, surety, bail or guarantor, upon any bill, bond, note or any other specialty or contract or for any debt of another person but his liability does not become absolute until after the adjudication of bankruptcy, the creditor may prove the same after such liability becomes fixed, and before the final dividend is declared." It is declared, by section 5072, that "no debts other than those specified in the five preceding sections shall be proved or allowed against the estate." The present case does not fall within section 5070 or section 5071. It does not fall within section 5068, for, although an endorsement of a note by a bankrupt is a contingent liability contracted by him, it is "herein oth-

erwise provided for," that is, in section 5069. In section 19 of the act of 1867, what is now found in section 5069 of the Revised Statutes preceded what is now found in section 5068 of the Revised Statutes. The endorsement of a note falls distinctly within section 5069. It does not become a debt, within the meaning of section 5067, until the liability of the endorser by reason of it becomes absolute or fixed. Until then it is not a debt "due and payable from the bankrupt." If the liability of the endorser does not become absolute or fixed until after the commencement of proceedings in bankruptcy, the endorsement can-. not be a debt "due and payable from the bankrupt at the time of the commencement of the proceedings in bankruptcy," nor can it be a debt "then existing but not payable until a future day," within the meaning of section 5067. The words, "the adjudication of bankruptcy," in section 5069, must be held to mean "the commencement of proceedings in bankruptcy," as was the case with the like words in the clause of section 19 of the act of 1867 which is now found in section 5067 of the Revised Statutes. The endorsement which matured in this case on the 14th of August, 1878, became a provable debt then, under section 5069, if the endorser was then properly charged, but it was not a provable debt when the proceedings in bankruptcy were commenced. They were commenced when the original petition was filed. The amended petition is the original petition amended. It has relation to the time of the filing of the original. A new bankruptcy proceeding was not commenced by the filing of the amended petition. The proceeding commenced by the filing of the original petition was continued and proceeded with by the amendments made to it by the amended petition.

It is entirely clear, therefore, that the demurrer to the amended petition ought to have been sustained, on the ground alleged in the demurrer, that such amended petition was founded in part upon a promissory note endorsed by the alleged bankrupt, maturing after the original petition in bankruptcy was filed. The averments in the amended petition are to the effect that the debts set forth, of which such note is one, are provable under the statute against Morse, and that it requires all the debts so set forth to make up one-third of the debts provable under the statute.

An order must be entered reversing said order of March 11th, 1879, with costs to Morse in this court;—and directing the district court to enter an order allowing, with costs to Morse in that court, the demurrer to the amended petition, and vacating the adjudication in bankruptcy and the reference to the register, and all subsequent proceedings founded thereon; and also directing the district court to take such further proceedings in the matter as shall be proper.

There is, also, a petition for the review and reversal of an order made by the district court, April 1st, 1879, denying a motion by Morse for leave to withdraw said demurrer and to answer said amended petition. The order overruling the demurrer stated that it was made without prejudice to an application for leave to answer, upon showing satisfactory cause therefor. The application was promptly made. I think that it should have been granted, in analogy to the practice laid down in rule 34 in equity. The proposed answer, duly verified, was presented in connection with the application and is in the record. It alleges defences which Morse was entitled to try and prove. An order must be entered reversing the order of April 1st, 1879, with costs to Morse in this court.